FILED

2009 MAR 24  PM 2: 46

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ONE TREASURE LIMITED, INC., *Plaintiff,* | § § § | |
| V. | § § § | **CIVIL ACTION NUMBER A 08 CA 801-JRN** |
| HYATT GAMING MANAGEMENT, INC., and | § § | **JURY** |
| HYATT CORPORATION, d/b/a HYATT, HYATT REGENCY ARUBA RESORT AND CASINO, and HYATT REGENCY ARUBA, and, | § § § § | |
| GEMACO, INC., *Defendants* | § § § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, One Treasure Limited, Inc. ("One Treasure Limited"), and

files this its Original Complaint, complaining of DEFENDANTS, Hyatt Gaming Management,

Inc. ("Hyatt Gaming"), Hyatt Corporation, d/b/a/ Hyatt, Hyatt Regency Aruba Resort and

Casino, and Hyatt Regency Aruba (collectively "Hyatt"), and Gemaco, Inc., and in support

thereof would show as follows:

### I. PARTIES

1.      Plaintiff is a domestic corporation doing business in Texas with its principal

headquarters in Austin, Travis County, Texas.

2.      Defendant, Hyatt Gaming Management, Inc., is a foreign corporation organized

under the laws of the State of Nevada, and can be served with process by serving Illinois

Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

3.      Defendant, Hyatt Corporation, is a foreign corporation organized under the laws

of the State of Delaware, and can be served with process by serving its registered agent in Texas,

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL
COMPLAINT - 1st Amended - jmw.doc - JMW

United States Corporation, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.      Defendant, Gemaco, Inc., is a foreign corporation organized under the laws of the

State of Missouri, and can be served with process upon its registered agent, SNR Registered

Agent Services, Inc., 4520 Main, Suite 1100, Kansas City, Missouri, 64111.  SNR Registered

Agent Services' registered agent is David Gatchell.  Service can also be made on Gemaco's

president, D. Kaye Summers, its vice-president, Jason Fitzhugh, or its secretary, Danny R.

Carpenter, all at 2925 N. 7, Highway, Blue Springs, Missouri 64014.

## II.  JURISDICTION & VENUE

5.      This action arises under the Copyright Act of 1976, Title 17, United States Code.

Subject matter jurisdiction is founded on Title 28, United States Code § 1338(a).

6.      This Court has general jurisdiction over Hyatt Gaming and Hyatt Corporation

because they do business in this State.  Specifically, Hyatt Corporation has held a Certificate of

Authority to do business in Texas since 1972, currently and has at all times relevant to this action

maintained a registered agent in Texas, and has maintained significant operations in this state,

including the operation of one or more hotels in Travis County.

7.      Hyatt Gaming, a wholly owned subsidiary of Hyatt Corporation, is organized for

the sole purpose of managing Hyatt's casino operations at several of its hotels throughout the

United States, Canada and the Caribbean, including the one in Aruba at issue in this suit.  The

two corporations operate as a single business enterprise, with Hyatt Gaming operating under the

sole and total control of Hyatt Corporation, and both having a common objective and high levels

of coordination toward that objective.  Both operate under the common tradenames "Hyatt",

"Hyatt Regency Aruba", and "Hyatt Regency Aruba Resort and Casino", and coordinate their

internet and other advertising, as well as reservation systems.  Moreover, they share officers and

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL
COMPLAINT - 1st Amended - jmw.doc - JMW

directors, including but not limited to, Harold S. Handelsman, a secretary and director of both entities.  In this regard, the acts subjecting Hyatt Corporation to general jurisdiction in Texas are attributable to Hyatt Gaming to similarly establish general jurisdiction.[1]

8.      Moreover, Hyatt Gaming actively solicits high stakes gamblers residing in Texas both on its own, and through "Player Representatives" located in Texas.  Hyatt Gaming has a contractual relationship with these "Player Representatives" who are Texas residents.  These constitute acts subjecting Hyatt Gaming to general jurisdiction through its own activities, in addition to those of Hyatt Corporation that may be imputed to it.

9.      Gemaco markets and sells its products to Texas residents both under its own name as well as various affiliated companies, all owned in common by Gemaco's parent, GemGroup, Inc.  These products include, but are not limited to, candy imprinted with the customers' chosen text or design sold at "www.GourmetGems.com," as well as playing cards also imprinted with the customers' chosen text or design at "www.promotionalcards.com", "www.countryclubcards.com," and "www.gemacocards.com."   All jurisdictional contacts of GemGroup may be imputed to Gemaco because the latter operates under the sole and total control of GemGroup, and both have a common objective and high levels of coordination toward that objective.  As evidence of the level of control, GemGroup and Gemaco share identical officers and directors, and share identical offices and facilities.

10.      In addition to general jurisdiction, this Court has specific jurisdiction over Gemaco for its distribution of the copyrighted images to Texas residents.  Specifically, Gemaco produces a brochure that contains the blackjack table top with the copyrighted maps at issue.

---

[1] *Turan v. Universal Plan Investments, Ltd.*, 248 F.3d 1139 (5th Cir. 2001) (citing *Walker v. Newgent,* 583 F.2d 163, 167 (5th Cir.1978) for proposition that "[a]lthough *Hargrave* analyzed the elements necessary to subject a *parent* to personal jurisdiction because of the activities of its *subsidiary,* 'the same

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL COMPLAINT - 1st Amended - jmw.doc - JMW

The table top is contained at pages 12 and 13 of the brochure, a copy of which is attached as Exhibit D.  The brochure is available for download by Texas residents and has been mailed to residents in Texas.  Moreover, Gemaco advertises the table top on its website, a copy of which is attached as Exhibit E.

11.     For the same reasons justifying jurisdiction in this State, venue is conferred in this judicial district by Title 28, United States Code, Section 1400(a).

### III.  FACTS COMMON TO ALL CAUSES OF ACTION

12.     Plaintiff is engaged in the business of creating, producing, and marketing antique-style, water color maps of the Caribbean islands and other locations around the World.  These maps are sold as large printed copies of their respective originals, post cards, and in other mediums.

13.     Plaintiff is the owner of the copyright in maps entitled "Aruba" and "Caribbean I", the maps at issue in this suit.  Copies of the certificates of registration for both maps are attached as Exhibit A.  Victor W. Baker, the registered owner of the map, is the sole shareholder of One Treasure Limited, Inc., and has assigned his interest in the maps to the One Treasure Limited.  Copies of both maps are attached as Exhibit B.

14.     Defendants operate a hotel and casino in Aruba under various tradenames, including "Hyatt",  "Hyatt Regency Aruba", and "Hyatt Regency Aruba Resort and Casino". The casino has the typical assortment of games found in casinos, including blackjack tables. Defendants have imprinted the playing surface of at least one of those blackjack tables with the two maps at issue.  Photographs of that table are attached as Exhibit C.  It should be noted that various components of the original works have been manipulated on the table.  For example, the

---

legal principles apply' when jurisdiction is sought over the *subsidiary* because of the activities of its *parent"* (emphasis original) ).

sailing ship located toward the bottom of "Aruba" has been moved to the upper right of the map on the table.  Also, the crest of "Aruba" has been edited by removing the original content of the crest and replacing it with "Carribean I".  In addition, various place names on "Caribbean I" have been moved or deleted.

15.    Gemaco manufactured the blackjack table, including the playing surface imprinted with Aruba and Carribean I, and sold it to Hyatt.  In addition, and as noted above, it uses the maps in its advertising, both on printed brochures and its website, as examples of its ability to imprint gaming table tops with attractive images.

## IV.  CAUSES OF ACTION

16.    For all causes of action, Plaintiff alleges that Hyatt Gaming and Hyatt Corporation operate as a single business enterprise, with a common objective and high levels of coordination, all directed toward support of the hotel and casino operated by Hyatt in Aruba and other places throughout the United States, Caribbean and Canada.[2]   For this reason, they should be held jointly and severally liable for any damages and injunctive relief obtained from this action.  Furthermore, for all causes of action, Plaintiffs contend that Hyatt Gaming and Hyatt Corporation are jointly and severally liable for any damages awarded because Defendants acted as a joint venture as evidenced by their agreed combination of resources to achieve a common pecuniary purpose, their varying degrees of control or authoritative voice in the conduct of that business, and a general plan to share in any profits therefrom.[3]

### A) COPYRIGHT INFRINGEMENT & UNFAIR COMPETITION.

17.    Defendants' use of Aruba and Caribbean I on the blackjack table constitutes an

---

[2] *National Plan Administrators, Inc. v. National Health Ins. Co.*, 150 S.W.3d 718, 743-747 (Tex.App.-Austin, 2004, *rev'd on other grounds* 235 S.W.3d 659) (defining single business enterprise doctrine).
[3] See *Watts v. Green*, 190 S.W.3d 44, 50-51 (Tex.App.-Amarillo,2005, *no writ*) (citing *St. Joseph Hospital v. Wolff,* 94 S.W.3d 513, 526 (Tex.2002) for doctrine of joint venture).

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL COMPLAINT - 1st Amended - jmw.doc - JMW

infringing act or series of actions as defined and as actionable under the federal Copyright Act of

1976, Title 17, United States Code.  Defendants' activities also constitute unfair competition

with Plaintiff.

18.     Gemaco's use of Aruba and Caribbean I in its advertising constitutes a separate

infringing act or series of actions as defined and as actionable under the federal Copyright Act of

1976, Title 17, United States Code.  These activities also constitute unfair competition with

Plaintiff.

## B) DAMAGES

### i.  Actual Damages Under 17 U.S.C.A. § 504(b) for Use on Table Top.

19.     Plaintiff has been damaged by Defendants' use of the maps on the table top as

measured by the fair market license fee for the maps when their use is unauthorized by the

copyright owner.  Plaintiff is further entitled to any profits made by Defendants from their

infringing acts as well as any actual damages to Plaintiff, including but not limited to, its lost

revenue less any expenses that would have been attributable to the lost profit.  Both measures of

damages are prescribed by 17 United States Code Annotated, Section 504(b).

20.     Plaintiff contends all Defendants are jointly and severally liable for any damages

awarded for use of the maps on the table top.  Specifically, Defendants are joint tortfeasors and

Plaintiff may recover from them the entirety of the damages caused by and awarded based on the

other's actions.[4]

### ii.  Actual Damages Under 17 U.S.C.A. § 504(b) for Gemaco's Use in Advertising.

21.     Plaintiff has been damaged by Gemaco's use of the maps for advertising its

---

[4] *Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871, 877 (7th Cir. 2004)
(holding that "[u]nder the principle of joint and several liability, which governs not only the common law
tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL
COMPLAINT - 1st Amended - jmw.doc - JMW

products as measured by the fair market license fee for the maps when their use is unauthorized

by the copyright owner.  Plaintiff is further entitled to any profits made by Gemaco from their

infringing acts as well as any actual damages to Plaintiff, including but not limited to, its lost

revenue less any expenses that would have been attributable to the lost profit.  Both measures of

damages are prescribed by 17 United States Code Annotated, Section 504(b).

### iii.  Statutory Damages Under 17 U.S.C.A. §504(c) for Use on Table Top.

23.     Plaintiff is entitled to the statutory damages set forth in 17 United States Code,

Section 504(c), as an alternative to the actual damages and profit resulting from Defendants' use

of Aruba and Caribbean I on the table top.  Specifically, Plaintiff is entitled to a minimum of

$750.00 and a maximum of $30,000.00 for said use.

24.     In addition, Defendants' infringement was willful in that they had actual

knowledge of Plaintiff's ownership of Aruba and Caribbean, or acted in reckless disregard of the

possibility that their use of the works would infringe Plaintiff's copyrights.  Specifically, Hyatt

knew or reasonably should have known that Plaintiff owned the works since they are sold in

various retail outlets in Aruba and the Caribbean, including one outlet in Defendants' hotel and

casino which displays the maps prominently in its window.  In addition, all of the maps,

including the ones used to create the table, are imprinted Plaintiff's name, address, phone and fax

number informing a reasonable person that that Plaintiff had an ownership interest in them.

Defendants' failure to even contact Plaintiff to inquire about what that interest might have been,

and proceed with use of the table, constitutes willful ignorance and was reckless.

25.     In addition, Gemaco's actions were significantly reckless since it is in the printing

business, and has a heightened awareness of copyright law and the need to verify that graphic

---

[citations omitted] the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor.").

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL COMPLAINT - 1st Amended - jmw.doc - JMW

material is properly licensed.  For said willful infringement, Plaintiff is entitled to recover up to $150,000.00 for each map infringed.

26.     Plaintiff contends all Defendants are jointly and severally liable for any damages awarded for use of the maps on the table top.  Specifically, Defendants are joint tortfeasors and Plaintiff may recover from them the entirety of the damages caused by and awarded based on the other's actions.[5]

### iv.  Damages Under 17 U.S.C.A. §504(c) for Gemaco's Use in Advertising.

27.     Furthermore, Plaintiff is entitled is entitled to an award of statutory damages against Gemaco for its use of the maps in its advertising, a separate infringing act from use of the maps on the table tops.[6]  As set forth above, Gemaco's infringement was willful, and justifies an award of statutory damages up to $150,000.00 for each map infringed.

### B) INJUNCTIVE RELIEF

28.     Pursuant to 17 U.S.C.A. § 1498, Plaintiff further requests that Defendants be permanently enjoined from the production, marketing and sale of anything imprinted with the maps.

29.     In support of its request, Plaintiff would show that it has an inadequate remedy at law for Defendants' continuing infringement of the maps, even following an award of damages in this case.  In particular, were Defendants to continuing their infringing activity, Plaintiff would be required to repeatedly sue them for damages.  Irreparable harm exists justifying

---

[5] *Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871, 877 (7th Cir. 2004) (holding that "[u]nder the principle of joint and several liability, which governs not only the common law tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement [citations omitted] the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor.").

[6] *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,* 106 F.3d 284, 294 (9th Cir. 1997, rev'd on other grounds 118 S.Ct.1279) (holding that acts of infringement in which another tortfeasor did not join justify separate award of statutory damages).

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL COMPLAINT - 1st Amended - jmw.doc - JMW

injunctive relief when a multiplicity of suits is the only method by which a party can obtain relief for an injury to his property rights.[7]

### C) ATTORNEYS' FEES

30.     Plaintiff is entitled to recovery of its costs and attorneys' fees reasonably incurred in pursuit of this action through trial, appeal to the Fifth Circuit Court of Appeals, and Supreme Court as set forth by 17 United States Code Annotated §505.

### V.  JURY DEMAND

31.     Plaintiff demands trial by jury as to this action.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have the following:

a)  Such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright, Defendants' unfair trade practices and unfair competition, and an accounting for all gains, profits, and advantages derived by Defendants through such infringement, trade practices, and unfair competition;

b)  In the alternative, Plaintiff seeks statutory damages as set forth by 17 U.S.C.A. §504(c), as well as an increase in said award for Defendants' willful infringement of same;

c)  Attorneys' fees and costs reasonably incurred as provided by 17 U.S.C.A. §505; and,

d)  such other and further relief to which Plaintiff may be justly entitled.

---

[7] *Braniff Airways, Incorporated v. Toren*, 50 B.R. 393, 402 (N.D.Tex. 1984).

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.018 One Treasure Limited - Hyatt Aruba\ORIGINAL COMPLAINT - 1st Amended - jmw.doc - JMW

Respectfully submitted,

**BLAZIER, CHRISTENSEN, BIGELOW
& VIRR, P.C.**
Attorneys and Counselors at Law
221 West Sixth Street, Suite 1500
Austin, Texas 78701
512 476 2622
(Fax) 512 476 8685

_____

JUSTIN M. WELCH
Texas State Bar No.: 24003876
**ATTORNEYS FOR PLAINTIFF**

### **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was delivered as set forth below on the 24th day of MARCH, 20 09 to the attorneys of record as listed below by electronic delivery unless otherwise noted.

Nicholas Bressi
Hohmann, Taube & Summers, LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701

_____
Justin M. Welch

# CERTIFICATE OF REGISTRATION



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REG

**VA 1-190-313**

||||||||||||||
*VAU001190313*

EFFECTIVE DATE OF REGISTRATION

**APR 0 9 2003**
Month          Day          Year

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
~~United States of America~~

OFFICIAL SEAL ... ARATE CONTINUATION SHEET.

---

## 1

**TITLE OF THIS WORK ▼**

CARIBBEAN I

**NATURE OF THIS WORK ▼** See instructions

WATER COLOR PAINTING

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.     **Title of Collective Work ▼**

If published in a periodical or serial give:   Volume ▼        Number ▼            Issue Date ▼            On Pages ▼

---

## 2

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a**   **NAME OF AUTHOR ▼**

VICTOR W. BAKER

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
1954

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
     Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☒ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☒ 2-Dimensional artwork      ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work

**b**   **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☒ 2-Dimensional artwork      ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work

---

## 3

**a**   Year in Which Creation of This Work Was Completed
1991
This information must be given ◀ Year in all cases.

**b**   Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ▶ JULY   Day ▶ 1   Year ▶ 1991
UNITED STATES OF AMERICA   ◀ Nation

---

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

VICTOR W. BAKER
701 BRAZOS STREET, SUITE 500
AUSTIN, TEXAS 78701  USA

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
**APR 0 9 2003**
ONE DEPOSIT RECEIVED
**APR 0 9 2003**
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.       • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

PLAINTIFF'S EXHIBIT 4

| EXAMINED BY | SDW | FORM VA |
|---|---|---|
| CHECKED BY | | |

| ☐ CORRESPONDENCE<br>Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |
|---|---|

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See Instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼          **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

JUSTIN M. WELCH
BLAZIER, CHRISTENSEN, BIGELOW & VIRR, P.C.
221 WEST 6TH STREET, SUITE 1500
AUSTIN, TEXAS  78701   USA

b

Area code and daytime telephone number ▶ ( 512 ) 476-2622          Fax number ▶ ( 512 ) 476-8685

Email▶  JWELCHJD@TEXAS.NET

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶

☒ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

VICTOR W. BAKER          Date▶  5 / 28 / 03

Handwritten signature (X) ▼

x _____

**Certificate will be mailed in window envelope to this address:**

| Name ▼ | JUSTIN M. WELCH<br>BLAZIER, CHRISTENSEN, BIGELOW & VIRR, P.C. |
|---|---|
| Number/Street/Apt ▼ | 221 WEST 6TH STREET, SUITE 1500 |
| City/State/ZIP ▼ | AUSTIN, TEXAS  78701 |

**9**

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999, the filing fee for Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999

♻ PRINTED ON RECYCLED PAPER

☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

F

**VA 1-146-550**

*00011465500*

EFFECTIVE DATE OF REGISTRATION

5 - 1 - 02
Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

---

## 1

**TITLE OF THIS WORK ▼**

ARUBA

**NATURE OF THIS WORK ▼** See instructions

WATER COLOR PAINTING

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

## 2

### a
**NAME OF AUTHOR ▼**

VICTOR W. BAKER

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1954    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

### b
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

## 3

### a
**Year in Which Creation of This Work Was Completed**
1997 ◀ Year in all cases.
This information must be given

### b
**Date and Nation of First Publication of This Particular Work**
Complete this information Month ▶ February Day ▶ 1 Year ▶ 1997
ONLY if this work has been published.
UNITED STATES OF AMERICA ◀ Nation

---

## 4

See instructions before completing this space

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

VICTOR W. BAKER
701 BRAZOS STREET, SUITE 500
AUSTIN, TEXAS 78701  USA

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAY 01 2002

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 01 2002

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions    • Sign the form at line 8.

PLAINTIFF'S EXHIBIT A

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼            Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

**a.** Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

**b.** Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**
a
b

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                   Account Number ▼

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

JUSTIN M. WELCH
BLAZIER, CHRISTENSEN, BIGELOW & VIRR, P.C.
221 WEST 6TH STREET, SUITE 1500
AUSTIN, TEXAS   78701   USA

Area code and daytime telephone number ▶ (512) 476-2622        Fax number ▶ (512) 476-8685

Email ▶ JWELCH.JD@TEXAS.NET

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶

☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
         Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

VICTOR W. BAKER                                  Date ▶ 1/22/02

Handwritten signature (X) ▼

X _____

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
JUSTIN M. WELCH
BLAZIER, CHRISTENSEN, BIGELOW & VIRR, P.C.

Number/Street/Apt ▼
221 WEST 6TH STREET, SUITE 1500

City/State/ZIP ▼
AUSTIN, TEXAS   78701

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999

♻ PRINTED ON RECYCLED PAPER

☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71











# E A O®

## The Comprehensive Gaming Resource

North America • South America • the Caribbean • Europe • Asia • Australia • Africa

Playing Cards  •  Layouts  •  Chips  •  Furniture  •  Accessories



# GAMING
## TABLE LAYOUTS

Representative Designs -- South America & the Caribbean

As one of the largest gaming suppliers in the Caribbean and Central and South American markets, Gemaco supports nearly 100 casino clients in fifteen Latin American countries with a centrally-located regional office and bilingual sales support in the US.

Siendo uno de los mas grandes distribuidores en el mercado de El Caribe, Centro America y America del Sur, Gemaco presta servicio a cerca de 100 clientes de casino en quince paises en America Latina, contando con una oficina regional localizada centralmente y la cual ofrece servicios de venta bilingues en los Estados Unidos.



BLACKJACK

BLACKJACK

FIESTA POKER



BLACKJACK

12

FRENCH ROULETTE

RIGHT ROULETTE

GO POKER







# MATTERS
## of CONSEQUENCE

Quality & Security • Casino In-house Efficiency

During all phases of manufacture, packaging and shipment, **Gemaco maintains the highest level of quality control and security** to insure that all product meets or exceeds specifications and arrives in timely and secure fashion, with significant security protocols, proprietary and otherwise, devoted particularly to gaming chips and playing cards.

Casino in-house efficiency is enhanced by security-minded packaging and shipping measures, including:



CANADA
tel: 604.613.4181

USA, Caribbean,
Central and South America
tel: 800.227.3765

MACAU
tel: + 653.2885.0830

www.gemacocards.com